**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 6, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-60171
Summary Calendar

———————————————

TESFAY MICHALY YOHANNS,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79 105 461
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Tesfay Michaly Yohanns petitions this court for review of an order of the Board of Immigration Appeals (BIA) affirming the denial of his applications for asylum, withholding of removal, and withholding of removal pursuant to the Convention Against Torture (CAT). We review questions of law *de novo*; factual findings will be upheld if they are supported by substantial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence.  See <u>Efe v. Ashcroft</u>, 293 F.3d 899, 903 (5th Cir. 2002).

Yohanns argues that the BIA erred by finding that his shooting of a superior officer during his desertion from the Eritrean military was a serious nonpolitical crime that rendered him ineligible for asylum or withholding of removal.  See 8 U.S.C. § 1158(b)(2)(A)(iii); 8 U.S.C. § 1231(b)(3)(B)(iii).  Yohanns has not shown that the evidence compels a contrary conclusion.  See <u>Efe v. Ashcroft</u>, 293 F.3d 899, 905 (5th Cir. 2002).  The finding that Yohanns committed a serious non-political crime prior to his arrival in the United States renders him ineligible for asylum or withholding of removal.  <u>See</u> 8 U.S.C. § 1158 (b) (2) (A) (iii) (asylum); 8 U.S.C. § 1231(b)(3)(B)(iii) (withholding of removal).

Yohanns also asserts that, if he were returned to Eritrea, he would face death for desertion and for shooting his superior officer; he asserts that this would constitute torture under the CAT.  However, the implementing regulations expressly provide that torture "does not include pain or suffering from, inherent in or incidental to lawful sanctions . . . . including the death penalty."  8 C.F.R. § 208.18(a)(3).  Yohanns has not shown that the IJ erred by denying him relief under the CAT.

Accordingly, Yohanns' petition for review is DENIED.